# CASES IN CHANCERY.

## Juba Barrows and others *vs.* Ellis Doty.

The Court of Chancery will not take jurisdiction of a case where there is a plain and adequate remedy at law.

A party who has a defence at law, of which he is advised, and neglects to make it, comes too late to this court to ask to be relieved against the judgment.

First Circuit.

Barrows
*vs.*
Doty.

The bill in this case was filed in the circuit court of the county of Wayne, February 7th, 1837, before the organization of the court of chancery, and afterwards was transferred to this court.

The bill stated that in the month of February, 1834, Juba Barrows being under a pressing necessity for money, made his wants known to one Charles Tryon, who said he expected to have money put into his hands by another person to loan, which other person Barrows understood to be Ellis Doty; that soon afterwards Tryon did actually loan to Barrows $44, for which he gave his two several promissory notes for $33, each payable in 90 days to Tryon or bearer, which notes were signed by Thomas Palmer and John Howard as securities; that it was at the time agreed between Barrows and Tryon that if Barrows should pay $50, when the notes became due, it was to be received in full satisfaction thereof, and if not paid at that time, Barrows should pay the amount of $50, with four per cent. per month, from the time the same became due; that Tryon afterwards became indebted to Barrows in the sum of $20, which Tryon agreed to endorse on the notes; that when the notes became due, Barrows called

on Tryon several times with the money to pay the notes, and he made excuses that he could not attend to it then, saying a few days would make no difference, and on one occasion said the notes were at Judge Doty's; that Doty afterwards told Barrows that he held the notes and that payment was to be made to him; that he took the notes for the face of them, and refused to allow the $20 which Tryon had agreed to endorse; that Barrows offered then to pay the same if Doty would deduct the $20, which he refused to do.

That Doty afterwards recovered judgments on the notes for the full amount of the face of the same, and was about to take out execution.

The bill further alledged that Barrows had always been ready and willing, and still was ready and willing, to pay the actual amount of money loaned, with legal interest thereon, and prayed for an injunction to restrain the collection of the judgments. An injunction was granted January 2, 1835.

A. D. FRAZER, Solicitor for Ellis Doty, moved to dissolve the injunction and to dismiss the bill for want of equity.

H. CHIPMAN, Solicitor for complainant, opposed the motion.

THE CHANCELLOR.—This bill cannot be sustained, for the usury was a good defence at law, and Tryon being the agent who negotiated the loan, must have known all the facts, and might have been called as a witness.

The complainants have suffered judgments to be taken on the notes, with a knowledge of all the facts, without making their defence, and they come too late to this court to ask to be relieved against those judgments. (*See Thompson* vs. *Berry & Van Buren*, 3 *J. C. R.*, 395. *Lansing* vs. *Eddy*, 1 *J. C. R.*, 49.) The injunction must be dissolved and the bill dismissed.*

Bill dismissed.

* See *Wright vs. King*, page 12.